1
2
3
4
5
6
7
8
9

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| CARLOS HERRERA, | ) | 1:11-cv—00521-SMS-HC |
| | ) | |
| Petitioner, | ) | ORDER GRANTING IN PART |
| | ) | PETITIONER'S MOTION FOR A STAY OF |
| v. | ) | THE PROCEEDINGS (Doc. 3) |
| | ) | |
| WARDEN CASH, | ) | ORDER GRANTING PETITIONER THIRTY |
| | ) | (30) DAYS FROM THE DATE OF |
| Respondent. | ) | SERVICE OF THIS ORDER TO WITHDRAW |
| | ) | PETITIONER'S UNEXHAUSTED CLAIM |
| | ) | AND SEEK A <u>KELLY</u> STAY OF THE |
| | ) | REMAINING CLAIM |

INFORMATIONAL ORDER TO PETITIONER
CONCERNING DISMISSAL IF
UNEXHAUSTED CLAIMS ARE NOT
WITHDRAWN

Petitioner is a state prisoner proceeding pro se and in forma pauperis with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter has been referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and Local Rules 302 and 304. Pending before the Court is the petition, which was filed on March 21, 2011, and transferred to this division of this Court on March 38, 2011. Also pending is Petitioner's motion for a stay of the proceedings filed on March 21, 2011.

1

I. <u>Screening the Petition</u>

Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (Habeas Rules) requires the Court to make a preliminary review of each petition for writ of habeas corpus. The Court must summarily dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court...." Habeas Rule 4; <u>O'Bremski v. Maass</u>, 915 F.2d 418, 420 (9th Cir. 1990); <u>see</u> <u>also</u> <u>Hendricks v. Vasquez</u>, 908 F.2d 490 (9th Cir. 1990).  Habeas Rule 2(c) requires that a petition 1) specify all grounds of relief available to the Petitioner; 2) state the facts supporting each ground; and 3) state the relief requested. Notice pleading is not sufficient; rather, the petition must state facts that point to a real possibility of constitutional error.  Rule 4, Advisory Committee Notes, 1976 Adoption; <u>O'Bremski v. Maass</u>, 915 F.2d at 420 (quoting <u>Blackledge v.</u> <u>Allison</u>, 431 U.S. 63, 75 n. 7 (1977)).  Allegations in a petition that are vague, conclusory, or palpably incredible are subject to summary dismissal.  <u>Hendricks v. Vasquez</u>, 908 F.2d 490, 491 (9th Cir. 1990).

Further, the Court may dismiss a petition for writ of habeas corpus either on its own motion under Habeas Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed.  Advisory Committee Notes to Habeas Rule 8, 1976 Adoption; <u>see</u>, <u>Herbst v. Cook</u>, 260 F.3d 1039, 1042-43 (9th Cir. 2001).

A petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief

can be pleaded were such leave granted.   <u>Jarvis v. Nelson</u>, 440
F.2d 13, 14 (9th Cir. 1971).

Here, Petitioner, an inmate of the California State Prison
in Los Angeles County at Lancaster, alleges that he is serving a
sentence of twenty-five (25) years to life imposed in the Kings
County Superior Court after a conviction in 1995 of possessing a
sharp instrument in prison in violation of Cal. Pen. Code § 4502.
(Pet. 1.)  Petitioner raises the following claims:  1) in
violation of its "<u>Brady</u>" duty, the state failed to disclose
favorable evidence useful for impeachment consisting of a)
information unavailable to Petitioner, who was unable to connect
to the internet, that Correctional Officer Jennings, a key
witness in Petitioner's trial, and other correctional personnel
were being investigated by the FBI and/or indicted for criminal
misconduct relating to staging inmate fights and violence for
recreation and then falsifying written reports as part of a
cover-up at the time of Petitioner's conduct of possessing a
weapon, which he now alleges and at sentencing alleged was
possessed for self-defense, b) information concerning attacks on
Petitioner, and c) unspecified confidential records; and 2)
ineffective assistance of trial counsel, who failed to
investigate Petitioner's claims of self-defense, permit
Petitioner to testify, and offer evidence of the threat to
Petitioner's safety at trial and sentencing, based on counsel's
failure to discover evidence that the prosecution's key witness,
Jennings, was under federal indictment for orchestrating fights
among prisoners before Petitioner was discovered with a sharp
instrument, which he alleged he possessed in self-defense.  (Pet.

3

1-25; Mot. [doc. 3], 3.)  Petitioner seeks an evidentiary hearing

and reversal of his conviction.  (Pet. 7.)

Petitioner alleges in his motion to stay the proceedings

that he was sentenced on July 12, 1995.  (Mot. [doc. 3], 2.)

II.  <u>Failure to Exhaust State Court Remedies</u>

A petitioner who is in state custody and wishes to challenge

collaterally a conviction by a petition for writ of habeas corpus

must exhaust state judicial remedies.  28 U.S.C. § 2254(b)(1).

The exhaustion doctrine is based on comity to the state court and

gives the state court the initial opportunity to correct the

state's alleged constitutional deprivations.  <u>Coleman v.</u>

<u>Thompson</u>, 501 U.S. 722, 731 (1991); <u>Rose v. Lundy</u>, 455 U.S. 509,

518 (1982); <u>Buffalo v. Sunn</u>, 854 F.2d 1158, 1162-63 (9th Cir.

1988).

A petitioner can satisfy the exhaustion requirement by

providing the highest state court with the necessary jurisdiction

a full and fair opportunity to consider each claim before

presenting it to the federal court, and demonstrating that no

state remedy remains available.  <u>Picard v. Connor</u>, 404 U.S. 270,

275-76 (1971); <u>Johnson v. Zenon</u>, 88 F.3d 828, 829 (9th Cir.

1996).  A federal court will find that the highest state court

was given a full and fair opportunity to hear a claim if the

petitioner has presented the highest state court with the claim's

factual and legal basis.  <u>Duncan v. Henry</u>, 513 U.S. 364, 365

(1995) (legal basis); <u>Kenney v. Tamayo-Reyes</u>, 504 U.S. 1, 9-10

(1992), <u>superceded</u> <u>by</u> <u>statute</u> <u>as</u> <u>stated</u> <u>in</u> <u>Williams v. Taylor</u>,

529 U.S. 362 (2000) (factual basis).

Additionally, the petitioner must have specifically told the

4

state court that he was raising a federal constitutional claim. <u>Duncan</u>, 513 U.S. at 365-66; <u>Lyons v. Crawford</u>, 232 F.3d 666, 669 (9th Cir.2000), amended, 247 F.3d 904 (9th Cir. 2001); <u>Hiivala v. Wood</u>, 195 F.3d 1098, 1106 (9th Cir. 1999); <u>Keating v. Hood</u>, 133 F.3d 1240, 1241 (9th Cir. 1998).  In <u>Duncan</u>, the United States Supreme Court reiterated the rule as follows:

> In <u>Picard v. Connor</u>, 404 U.S. 270, 275...(1971), we said that exhaustion of state remedies requires that petitioners "fairly presen[t]" federal claims to the state courts in order to give the State the "'opportunity to pass upon and correct' alleged violations of the prisoners' federal rights" (some internal quotation marks omitted). If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution. If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court.

<u>Duncan</u>, 513 U.S. at 365-366.  The Ninth Circuit examined the rule further in <u>Lyons v. Crawford</u>, 232 F.3d 666, 668-69 (9th Cir. 2000), as amended by <u>Lyons v. Crawford</u>, 247 F.3d 904, 904-05 (9th Cir. 2001), stating:

> Our rule is that a state prisoner has not "fairly presented" (and thus exhausted) his federal claims in state court unless he specifically indicated to that court that those claims were based on federal law. <u>See</u>, <u>Shumway v. Payne</u>, 223 F.3d 982, 987-88 (9th Cir. 2000). Since the Supreme Court's decision in <u>Duncan</u>, this court has held that the petitioner must make the federal basis of the claim explicit either by citing federal law or the decisions of federal courts, even if the federal basis is "self-evident," <u>Gatlin v. Madding</u>, 189 F.3d 882, 889 (9th Cir. 1999) (citing <u>Anderson v. Harless</u>, 459 U.S. 4, 7... (1982), or the underlying claim would be decided under state law on the same considerations that would control resolution of the claim on federal grounds, see, <u>e.g.</u>, <u>Hiivala v. Wood</u>, 195 F.3d 1098, 1106-07 (9th Cir. 1999); <u>Johnson v. Zenon</u>, 88 F.3d 828, 830-31 (9th Cir. 1996); <u>Crotts</u>, 73 F.3d at 865.

...
> In <u>Johnson</u>, we explained that the petitioner must alert
> the state court to the fact that the relevant claim is a
> federal one without regard to how similar the state and
> federal standards for reviewing the claim may be or how
> obvious the violation of federal law is.

<u>Lyons v. Crawford</u>, 232 F.3d 666, 668-69 (9th Cir. 2000), as

amended by <u>Lyons v. Crawford</u>, 247 F.3d 904, 904-05 (9th Cir.

2001).

A federal court cannot entertain a petition that is "mixed,"

or which contains both exhausted and unexhausted claims.  <u>Rose v.</u>

<u>Lundy</u>, 455 U.S. 509, 510 (1982).  A district court must dismiss a

mixed petition; however, it must give the petitioner the choice

of returning to state court to exhaust his claims or of amending

or resubmitting the habeas petition to present only exhausted

claims.  <u>Rose v. Lundy</u>, 455 U.S. at 510 (1982); <u>Jefferson v.</u>

<u>Budge</u>, 419 F.3d 1013, 1016 (9th Cir. 2005).  In other words,

petitioners who file mixed petitions must either withdraw any

unexhausted claims and proceed only on the exhausted claims, or

dismiss the entire mixed petition and return later to federal

court with a new petition containing only exhausted claims.

<u>Jackson v. Roe</u>, 425 F.3d 654, 658-659 (9th Cir. 2005); see <u>James</u>

<u>v. Giles</u>, 221 F.3d 1074, 1077-78 (9th Cir. 2000).

Here, Petitioner has provided the Court with a copy of an

order of the California Supreme Court in case no. S172264 dated

March 30, 2010, denying Petitioner's petition for writ of habeas

corpus.  (Pet. 11.)

However, Petitioner alleges that his second ground

concerning ineffective assistance of counsel is presently pending

before the California Court of Appeal, Fifth Appellate District,

1   in case no. F061158.  Thus, Petitioner admits that he has failed

2   to exhaust his claim concerning the ineffective assistance of

3   counsel.

4        III.  <u>Motion for Stay of the Proceedings</u>

5        Petitioner moves for a stay of the proceedings because he

6   alleges that his claim concerning the alleged incompetence of

7   trial counsel is presently pending before the California Court of

8   Appeal, Fifth Appellate District, in case no. F061158.  (Pet. 3.)

9        Reference to entries for case no. F061158 on the official

10  website of the California Courts reveals that a claim concerning

11  the ineffective assistance of trial counsel was pending before

12  the California Court of Appeal, Fifth Appellate District (DCA)

13  until March 24, 2011, at which time the petition was denied

14  without prejudice by an order which stated:

15       The "Petition for Writ of Habeas Corpus" filed on
         October 27, 2010, is denied without prejudice.  Petitioner
16       has failed to describe any of the incidents which occurred
         prior to the discovery of the razor by prison staff to
17       show that he believed he had to arm himself in self-
         defense.  Thus, petitioner has failed to meet his burden
18       under <u>People v. Duvall</u> (1995) 9 Cal. 4th 474, 474, of
         providing a sufficient factual context to support his
19       contention that trial counsel's failure to investigate
         deprived him of a defense or significant impeachment
20       evidence.  In its order denying petitioner's petition
         for writ of habeas corpus in case No. 0435356, this
21       court informed petitioner that he had to explain his
         delay in raising issues on habeas corpus.  The facts
22       which caused petitioner to arm himself with the razor
         were necessarily known to petitioner before it was
23       discovered by prison staff.  Petitioner has failed to
         explain why he did not file a petition for writ of habeas
24       corpus based on his personal knowledge until many years
         after his trial.
25
    <u>In re Carlos Herrera on Habeas Corpus</u>, case no. F061158, order
26

27

28

1  denying petition filed on March 24, 2011.[1]

2        The Court takes judicial notice that the official website

3  for California Appellate Courts reflects that no proceeding

4  concerning Petitioner is pending before the California appellate

5  courts at the present time.

6        In his motion for a stay, Petitioner contends that

7  successful resolution of any of his claims will moot further

8  proceedings in this Court.  (Mot. 4.)  Petitioner seeks

9  permission to amend the petition at a later date to include the

10 newly exhausted claim should relief not be granted in the state

11 courts.  (Mot. 4.)  Petitioner contends that one-year statute of

12 limitations of 28 U.S.C. § 2254(d) began to run on June 30, 2010,

13 ninety days after the Supreme Court's denial of an earlier habeas

14 petition on March 30, 2010.  (Mot. 6.)

15       Petitioner inconsistently asserts in the motion for a stay

16 that although his presently filed petition contains only fully

17 exhausted claims, he seeks to stay the present petition and amend

18 it to add a claim after the state court has passed on it.  (Mot.

19 6.)

20              A.  Legal Standards

21       A district court has discretion to stay a petition which it

22 may validly consider on the merits.  Rhines v. Weber, 544 U.S.

23 269, 276 (2005);  King v. Ryan, 564 F.3d 1133, 1138-39 (9th Cir.

24 2009).  A petition may be stayed either under Rhines, or under

25 ─────────────────

26       [1]The Court may take judicial notice of facts that are capable of
   accurate and ready determination by resort to sources whose accuracy cannot
27 reasonably be questioned, including undisputed information posted on official
   web sites.  Fed. R. Evid. 201(b); United States v. Bernal-Obeso, 989 F.2d 331,
28 333 (9th Cir. 1993); Daniels-Hall v. National Education Association –F.3d –,
   2010 WL 5141247, *4 (No. 08-35531, 9th Cir. Dec. 20, 2010).

1  Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003).  King v. Ryan, 564

2  F.3d 1133, 1138-41 (9th Cir. 2009).

3      Under Rhines, the Court has discretion to stay proceedings;

4  however, this discretion is circumscribed by the Antiterrorism

5  and Effective Death Penalty Act of 1996 (AEDPA).  Rhines, 544

6  U.S. at 276-77.  In light of AEDPA's objectives, "stay and

7  abeyance [is] available only in limited circumstances" and "is

8  only appropriate when the district court determines there was

9  good cause for the petitioner's failure to exhaust his claims

10  first in state court."  Id. at 277-78.

11      A petition may also be stayed pursuant to the procedure set

12  forth by the Ninth Circuit in Kelly v. Small, 315 F.3d 1063 (9th

13  Cir. 2003).  Under this three-step procedure: 1) the petitioner

14  files an amended petition deleting the unexhausted claims; 2) the

15  district court stays and holds in abeyance the fully exhausted

16  petition; and 3) the petitioner later amends the petition to

17  include the newly exhausted claims.  See, King v. Ryan, 564 F.3d

18  1133, 1135 (9th Cir. 2009).  However, the amendment is only

19  allowed if the additional claims are timely.  Id. at 1140-41.

20      B.  Petitioner's Motion

21      Petitioner does not appear to be requesting a stay pursuant

22  to Rhines v. Weber, 544 U.S. 269, 276 (2005).  This is because

23  Petitioner offers to withdraw his unexhausted claim, and then

24  seeks to amend the petition to add the exhausted claim after

25  conclusion of state court proceedings.[2]

26

27      [2] The Court notes that if Petitioner did intend to seek a stay pursuant to
    Rhines, it does not appear that Petitioner has shown good cause.  The Supreme Court
28  has not articulated what constitutes good cause under Rhines, but it has stated that
    "[a] petitioner's reasonable confusion about whether a state filing would be timely

9

1    Because Petitioner offers to withdraw his unexhausted claim,
2 it appears that Petitioner is seeking a stay pursuant to Kelly.
3 A Kelly stay is effected in three steps:  1) the petitioner must
4 file an amended petition deleting the unexhausted claims; 2) the
5 district court will stay and hold in abeyance the fully exhausted
6 petition; and 3) the petitioner will later amend the petition to
7 include the newly exhausted claims.  See, King v. Ryan, 564 F.3d
8 1133, 1135 (9th Cir. 2009).  However, the amendment is only
9 allowed if the additional claims are timely.  Id. at 1140-41.
10    The Court notes that it is unclear whether Petitioner will
11 have sufficient time to be able to exhaust his unexhausted
12 claims.  However, no statute of limitations protection is
13 imparted in a King/Kelly stay, nor are the exhausted claims
14 adjudicated in this Court during the pendency of such a stay.
15 Further, the undersigned is not making any determination at this
16 time that Petitioner can timely exhaust any claims prior to the
17 expiration of the statute of limitations.
18    Here, the petition appears to contain one exhausted claim
19 and one claim that has not been exhausted.  Petitioner will be
20 given an opportunity to withdraw the second claim in his petition

21 _____

22 will ordinarily constitute 'good cause' for him to file" a "protective" petition in
federal court.  Pace v. DiGuglielmo, 544 U.S. 408, 416 (2005).  The Ninth Circuit has
23 held that the standard is a less stringent one than that for good cause to establish
equitable tolling, which requires that extraordinary circumstances beyond a
petitioner's control be the proximate cause of any delay.  Jackson v. Roe, 425 F.3d
24 654, 661-62 (9th Cir. 2005).  The Ninth Circuit has recognized, however, that "a
stay-and-abeyance should be available only in limited circumstances."  Id. at 661
25 (internal quotation marks omitted); see, Wooten v. Kirkland, 540 F.3d 1019, 1024 (9th
Cir. 2008), cert. denied, --- U.S. ----, 129 S.Ct. 2771, 174 L.Ed.2d 276 (2009)
26 (concluding that a petitioner's impression that counsel had exhausted a claim did not
demonstrate good cause).
    Here, Petitioner's claim concerning ineffective assistance is related to the
27 Brady claim; Petitioner's knowledge of the existence of the Brady claim would seem to
include an understanding of counsel's alleged failings or omissions with respect to
28 the Brady evidence.  It would appear that Petitioner had an opportunity to exhaust
both claims at one time.  Petitioner has not shown why he did not exhaust the counsel
claim at the same time that he exhausted the Brady claim.

concerning ineffective assistance of counsel, which is unexhausted, and to have the fully exhausted petition stayed pending exhaustion of the other claim in state court.  The Court must dismiss the petition without prejudice unless Petitioner withdraws the unexhausted claims and proceeds with the exhausted claims in lieu of suffering dismissal.

IV.   Disposition

Accordingly, it is hereby ORDERED that:

1) Petitioner's request to proceed to effect a stay pursuant to Kelly v. Small is GRANTED in part; and

2)  Petitioner is GRANTED thirty (30) days from the date of service of this order to file a motion to withdraw his unexhausted claim and to seek a stay of the fully exhausted petition; and

3) Petitioner is INFORMED that in the event Petitioner does not file such a motion, the Court will assume Petitioner desires to return to state court to exhaust the unexhausted claims and will therefore dismiss the entire petition without prejudice.

In an abundance of caution, the Court further informs Petitioner that a dismissal for failure to exhaust will not itself bar him from returning to federal court after exhausting his available state remedies.  However, this does not mean that Petitioner will not be subject to the one-year statute of limitations imposed by 28 U.S.C. § 2244(d).  Although the limitations period is tolled while a properly filed request for collateral review is pending in state court, 28 U.S.C. § 2244(d)(2), it is not tolled for the time an application is pending in federal court.  Duncan v. Walker, 533 U.S. 167, 172

(2001).

Petitioner is further informed that the Supreme Court has held in pertinent part:

> [I]n the habeas corpus context it would be appropriate for an order dismissing a mixed petition to instruct an applicant that upon his return to federal court he is to bring only exhausted claims.  See Fed. Rules Civ. Proc. 41(a) and (b).  Once the petitioner is made aware of the exhaustion requirement, no reason exists for him not to exhaust all potential claims before returning to federal court.  The failure to comply with an order of the court is grounds for dismissal with prejudice.
> Fed. Rules Civ. Proc. 41(b).

Slack v. McDaniel, 529 U.S. 473, 489 (2000). Therefore, Petitioner is forewarned that in the event he returns to federal court and files a mixed petition of exhausted and unexhausted claims, the petition may be dismissed with prejudice.


IT IS SO ORDERED.

Dated:  __April 6, 2011__          _____/s/ Sandra M. Snyder_____
                                   UNITED STATES MAGISTRATE JUDGE