UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS HERRERA,<br><br>        Petitioner,<br><br>   v.<br><br>WARDEN CASH,<br><br>        Respondent. | 1:11-cv—00521-AWI-BAM-HC<br><br>FINDINGS AND RECOMMENDATIONS TO GRANT RESPONDENT'S MOTION TO DISMISS THE FIRST AMENDED PETITION (Docs. 23, 14)<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS THE FIRST AMENDED PETITION FOR LACK OF SUBJECT MATTER JURISDICTION (Doc. 14), DECLINE TO ISSUE A CERTIFICATE OF APPEALABILITY, AND DIRECT THE CLERK TO CLOSE THE CASE<br><br>OBJECTIONS DEADLINE: THIRTY (30) DAYS |

    Petitioner is a state prisoner proceeding pro se and in forma pauperis with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  The matter has been referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and Local Rules 302 and 304.  Pending before the Court is the Respondent's motion to dismiss the first amended petition (FAP) as successive and untimely.  The motion was filed on October 25, 2011, with supporting documentation.  Petitioner filed opposition on November 9, 2011, and Respondent filed a reply with additional documentation on November 29, 2011.

1

I.   <u>Proceeding by a Motion to Dismiss</u>

Respondent has filed a motion to dismiss the petition on the grounds that the petition is successive and that Petitioner filed his petition outside of the one-year limitation period provided for by 28 U.S.C. § 2244(d)(1).

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts (Habeas Rules) allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court...."

The Ninth Circuit has allowed respondents to file motions to dismiss pursuant to Rule 4 instead of answers if the motion to dismiss attacks the pleadings by claiming that the petitioner has failed to exhaust state remedies or has violated the state's procedural rules. See, e.g., <u>O'Bremski v. Maass</u>, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule 4 to evaluate a motion to dismiss a petition for failure to exhaust state remedies); <u>White v. Lewis</u>, 874 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 to review a motion to dismiss for state procedural default); <u>Hillery v. Pulley</u>, 533 F.Supp. 1189, 1194 & n.12 (E.D.Cal. 1982) (same). Thus, a respondent may file a motion to dismiss after the Court orders the respondent to respond, and the Court should use Rule 4 standards to review a motion to dismiss filed before a formal answer. See, <u>Hillery</u>, 533 F. Supp. at 1194 & n.12.

Further, a federal court is a court of limited jurisdiction which has a continuing duty to determine its own subject matter jurisdiction and to dismiss an action where it appears that the Court lacks jurisdiction. Fed. R. Civ. P. 12(h)(3); <u>CSIBI v.

2

1  Fustos, 670 F.2d 134, 136 n.3 (9th Cir. 1982) (citing City of
2  Kenosha v. Bruno, 412 U.S. 507, 511-512 (1973)); Billingsley v.
3  C.I.R., 868 F.2d 1081, 1085 (9th Cir. 1989).
4      In this case, Respondent's motion to dismiss addresses the
5  untimeliness of the petition pursuant to 28 U.S.C. 2244(d)(1).
6  It also addresses whether the petition is successive, a
7  circumstance that would deprive the Court of subject matter
8  jurisdiction over the petition.  The material facts pertinent to
9  the motion are mainly to be found in copies of the official
10 records of state and federal judicial proceedings which have been
11 provided by Respondent and Petitioner, and as to which there is
12 no factual dispute.  Because Respondent has not filed a formal
13 answer, and because Respondent's motion to dismiss is similar in
14 procedural standing to a motion to dismiss for failure to exhaust
15 state remedies or for state procedural default, the Court will
16 review Respondent's motion to dismiss pursuant to its authority
17 under Rule 4.
18     II.  Background
19     In the first amended petition presently pending before the
20 Court, Petitioner challenges his 1995 conviction of possession of
21 a sharp instrument while in prison in violation of Cal. Pen. Code
22 § 4502 on the grounds of the ineffective assistance of counsel
23 and the state's failure to disclose favorable evidence.  (Doc.
24 14, 1-21.)
25     The Court takes judicial notice of the docket of this Court
26 in Carlos Herrera v. Roy A. Castro, case number 1:99-cv-05591-SMS
27 or CV F 99 5591 SMS P, which reflects that Petitioner filed a
28 previous petition for writ of habeas corpus in this Court on

April 28, 1999.[1] (Doc. 1.) In the petition, Petitioner challenged his 1995 conviction of possession of a sharp instrument while confined in prison in violation of Cal. Pen. Code § 4502 on the grounds of ineffective assistance of counsel, vagueness of the statute defining the offense, and sentencing error. (Ord. granting mot. to dismiss, doc. 28, 1-2.) On June 9, 2000, the petition was dismissed on the Respondent's motion on the ground that the petition was untimely because filed beyond the statutory limitations period. (Id. at 4-10.) Judgment for the Respondent was entered on June 14, 2000. (Doc. 29.)

   III.  Dismissal of the Petition as Successive

Because the petition was filed after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), the AEDPA applies in this proceeding. Lindh v. Murphy, 521 U.S. 320, 327 (1997), cert. denied, 522 U.S. 1008 (1997); Furman v. Wood, 190 F.3d 1002, 1004 (9th Cir. 1999).

Under the AEDPA, a federal court must dismiss a second or successive petition that raises the same grounds as a prior petition. 28 U.S.C. § 2244(b)(1). The Court must also dismiss a second or successive petition raising a new ground unless the petitioner can show that 1) the claim rests on a new, retroactive, constitutional right or 2) the factual basis of the claim was not previously discoverable through due diligence, and the new facts establish by clear and convincing evidence that but

---

[1] The Court may take judicial notice of court records. Fed. R. Evid. 201(b); United States v. Bernal-Obeso, 989 F.2d 331, 333 (9th Cir. 1993); Valerio v. Boise Cascade Corp., 80 F.R.D. 626, 635 n. 1 (N.D. Cal. 1978), aff'd, 645 F.2d 699 (9th Cir. 1981).
    The Court notes that the case number of the proceeding as reflected in the orders issued in the case, including the judgment entered on June 14, 2000, is CV F 99 5591 SMS P. (Doc. 29.)

4

for the constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense. 28 U.S.C. § 2244(b)(2)(A)-(B).

However, it is not the district court that decides whether a second or successive petition meets these requirements, which allow a petitioner to file a second or successive petition. Section 2244(b)(3)(A) provides, "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." In other words, a petitioner must obtain leave from the Ninth Circuit before he or she can file a second or successive petition in district court. See Felker v. Turpin, 518 U.S. 651, 656-657 (1996). This Court must dismiss any claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application unless the Court of Appeals has given Petitioner leave to file the petition. 28 U.S.C. § 2244(b)(1). This limitation has been characterized as jurisdictional. Burton v. Stewart, 549 U.S. 147, 152 (2007); Cooper v. Calderon, 274 F.3d 1270, 1274 (9th Cir. 2001).

A disposition is "on the merits" if the district court either considered and rejected the claim, or determined that the underlying claim would not be considered by a federal court. McNabb v. Yates, 576 F.3d 1028, 1029 (9th Cir. 2009) (citing Howard v. Lewis, 905 F.2d 1318, 1322 (9th Cir. 1990)). A dismissal of a federal habeas petition on the ground of untimeliness is a determination "on the merits" for purposes of

the rule against successive petitions such that a further petition challenging the same conviction is "second or successive" for purposes of 28 U.S.C. § 2244(b). McNabb v. Yates, 576 F.3d 1028, 1029-30 (9th Cir. 2009). This is because such a dismissal is a permanent and incurable bar to federal review of the underlying claims. Id. at 1030.

Here, the first petition concerning Petitioner's conviction was dismissed on the ground that it was untimely. Thus, the petition was adjudicated on the merits.

Petitioner makes no showing that he has obtained prior leave from the Ninth Circuit to file his successive petition attacking the conviction. Petitioner contends that his claims are new and that he could not have known of them earlier; thus, his petition is not successive. However, it is for the Ninth Circuit Court of Appeals, and not this Court, to determine whether Petitioner meets the requirements that would permit the filing of a second petition.

That being so, this court has no jurisdiction to consider Petitioner's renewed application for relief from that conviction under section 2254 and must dismiss the petition. See, Felker v. Turpin, 518 U.S. 651, 656-57; Burton v. Stewart, 549 U.S. 147, 152; Cooper v. Calderon, 274 F.3d 1270, 1274. If Petitioner desires to proceed in bringing this petition for writ of habeas corpus, he must file for leave to do so with the Ninth Circuit. See 28 U.S.C. § 2244(b)(3).

Accordingly, it will be recommended that the motion to dismiss the petition as successive be granted.

Further, because this Court lacks subject matter

6

jurisdiction over the petition, the Court will not consider Respondent's additional ground for the motion to dismiss, namely, that the petition is untimely.

## IV. Certificate of Appealability

Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the Court of Appeals from the final order in a habeas proceeding in which the detention complained of arises out of process issued by a state court. 28 U.S.C. § 2253(c)(1)(A); Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). A certificate of appealability may issue only if the applicant makes a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). Under this standard, a petitioner must show that reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further. Miller-El v. Cockrell, 537 U.S. at 336 (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)). A certificate should issue if the Petitioner shows that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in any procedural ruling. Slack v. McDaniel, 529 U.S. 473, 483-84 (2000).

In determining this issue, a court conducts an overview of the claims in the habeas petition, generally assesses their merits, and determines whether the resolution was wrong or debatable among jurists of reason. Miller-El v. Cockrell, 537 U.S. at 336-37. It is necessary for an applicant to show more

than an absence of frivolity or the existence of mere good faith; however, it is not necessary for an applicant to show that the appeal will succeed.  Id. at 338.

A district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.  Rule 11(a) of the Rules Governing Section 2254 Cases.

Here, Petitioner has not demonstrated that jurists of reason would find it debatable whether or not the petition states a valid claim of the denial of a constitutional right.  Further, Petitioner has not shown that jurists of reason would find it debatable whether the petition is successive.  Petitioner has not made the substantial showing required for issuance of a certificate of appealability.

Therefore, it will be recommended that the Court decline to issue a certificate of appealability.

V.   Recommendations

Accordingly, it is RECOMMENDED that:

1)   Respondent's motion to dismiss the petition as successive be GRANTED; and

2)   The petition for writ of habeas corpus be DISMISSED because the Court lacks subject matter jurisdiction over the petition; and

3)   The Court DECLINE to issue a certificate of appealability; and

4)   The Clerk be DIRECTED to close this action because the dismissal will terminate the action in its entirety.

These findings and recommendations are submitted to the United States District Court Judge assigned to the case, pursuant

to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Replies to the objections shall be served and filed within fourteen (14) days (plus three (3) days if served by mail) after service of the objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

    IT IS SO ORDERED.

| | |
|---|---|
| Dated:   **December 23, 2011** |     **/s/ Barbara A. McAuliffe** |
| | UNITED STATES MAGISTRATE JUDGE |